IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Rebecca Snow, | ) | Civil Action No. 3:22-1794-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Order Granting Defendant's Motion to** |
| | ) | **Dismiss and Compel Arbitration** |
| Genesis Eldercare Rehabilitation Servs., LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett ("Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No 24.] Plaintiff filed objections to the Report, ECF No. 26, to which Defendant responded, ECF No. 27. Having reviewed the Report, Plaintiff's Objections, and Defendant's Reply, the matter is now ready for ruling.

**FACTUAL AND PROCEDURAL BACKGROUND**

In her complaint, Plaintiff alleges several causes of action stemming from her termination from Defendant, her former employer, including violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; as well as various state-law claims. [ECF No. 1-1 at 6-11.] Defendant removed the case from the Richland County Court of Common Pleas to this court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, ECF No. 1, and then moved to dismiss and compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4 and Rules 12(b)(1) and (6), Fed. R. Civ. P. [ECF No. 7.]

Defendant asserts Plaintiff entered into a Mutual Arbitration Agreement with Defendant ("Arbitration Agreement") in which she agreed "to arbitrate gateway issues of arbitrability," as well as all "past, present, or future" disputes with Defendant, such as the disputes about termination. *Id*. at 1. Plaintiff opposes the motion on the grounds that the Arbitration Agreement fails to satisfy the basic requirements of an enforceable contract under South Carolina law. [ECF No. 9 at 1.] After reviewing Defendant's Motion, Plaintiff's Reply Memorandum and the applicable law, the Magistrate Judge recommended granting Defendant's Motion to Dismiss and Compel Arbitration. [ECF No. 24 at 1.] Upon consideration of Plaintiff's Objections, ECF No. 26, and Defendant's Reply, ECF No. 27, this court adopts the Report in its entirety.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination only of those portions of the report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading]

or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

### STANDARD APPLICABLE TO MOTIONS TO COMPEL ARBITRATION

Section 4 of the FAA provides that a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The FAA reflects "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "Courts will compel arbitration under Section 4 if: (1) the parties entered into a valid agreement to arbitrate claims; and (2) the dispute or claims in question fall within the scope of the arbitration agreement." *Oyekan v. Educ. Corp. of Am.*, No. 4:18-cv-1785, 2019 WL 978865, at *2 (D.S.C. Feb. 28, 2019).

"Even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate." *Arrants v. Buck*, 130 F.3d 636, 640 (4th Cir. 1997). Section 4 requires the district court to "decide whether the parties have formed an agreement to arbitrate." *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 n.9 (2019). The question of whether an arbitration agreement has been formed is one of contract law, and ordinary state law principles apply. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). When a party "unequivocally denies 'that an arbitration agreement exists,'" that party bears the burden of coming forward with "sufficient facts" to support her position. *Berkeley Cnty. Sch. Dist.*, 944 F.3d

at 234. The standard to decide whether the party has presented "sufficient facts" is "akin to the burden on summary judgment," and the court may consider matters outside the pleadings. *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015). The trial provision of Section 4 is invoked only where "the record reveals a genuine dispute of material fact 'regarding the existence of an agreement to arbitrate.'" *Berkley Cnty. Sch. Dist.*, 944 F.3d at 234. Where there is no genuine dispute of material fact an agreement exists, the court will compel arbitration.

## DISCUSSION

Plaintiff makes four objections to the Report: 1) The Magistrate Judge erred in determining that Plaintiff agreed to the Arbitration Agreement; 2) The Report erred by dismissing evidence against the enforceability of the agreement; 3) The Report erred by resolving doubts about arbitration in favor of arbitration and in favor of Defendant; and 4) the Magistrate Judge did not address Plaintiff's right to a jury trial. Based on the facts and law as stated below, the court finds these objections lack merit. Each objection is discussed in turn.

### I. The Magistrate Judge used the correct standard to determine Plaintiff agreed to the Arbitration Agreement.

Plaintiff's first objection pertains to the standard the Magistrate Judge applied to determine Plaintiff failed to raise a genuine question about whether she signed the Arbitration Agreement. [ECF No. 26 at 4.] Specifically, Plaintiff argues the Magistrate Judge misapplied the holding in *Gordon v. TBC Retail Grp.*, C/A No. 2:14-cv-03365-DCN, 2016 WL 4247738 (D.S.C. Aug. 11, 2016) by ignoring the fact she denied signing the agreement and discrediting evidence that Defendant committed fraud. [ECF No. 26 at 4.]

In *Gordon*, the district court found "a signatory's inability to remember signing an agreement … is insufficient to create a genuine dispute of fact as to the authenticity of the signature." 2016

4

WL 4247738, at *7. The *Gordon* court then differentiated situations where a signatory cannot remember signing an arbitration agreement with those where the signatory denies signing an agreement. *Id*. The court found a genuine dispute of fact existed where certain signatories denied signing an agreement and stated, "someone else must have signed it for them." *Id*. Other signatories created a dispute of fact by claiming "their supervisors often filled out electronic forms for them." *Id*.

This court finds the Magistrate Judge properly applied *Gordon's* holding to this case. In the affidavit attached to her Memorandum in Opposition to Defendant's Motion to Compel Arbitration, Plaintiff testifies "I do not remember ever being presented with or signing the subject [A]rbitration [A]greement…." [ECF No. 9-1 at 3, ¶ 16.] Plaintiff now states in her Objection she "has flatly denied seeing, signing, or agreeing to the [A]rbitration [A]greement," but does not offer any corroborating evidence. Although she alleges "fraud and untruthfulness" against Defendant, Plaintiff does not support these allegations with any citations to the record. *See Chorly Enters.*, 807 F.3d at 564 ("[T]he party seeking a jury trial must make an unequivocal denial that an arbitration agreement exists—and must also show sufficient facts in support."); *see also Gadberry v. Rental Servs. Corp.*, C/A No. 0:09-cv-3327-CMC-PJG, 2011 WL 767034, at *2 (D.S.C. Jan. 21, 2011) ("[Plaintiff] does not dispute that he signed the agreement and has presented no evidence contesting his signature on the document.").

Because Plaintiff's case falls within *Gordon's* holding that not remembering signing an agreement does not create a genuine dispute of fact as to the authenticity of a signature on an Arbitration Agreement, Plaintiff's first objection is overruled.

## II. The Magistrate Judge properly found Defendant did not commit fraud.

Plaintiff's asserts the Magistrate Judge ignored evidence Defendant committed fraud and resolved evidentiary discrepancies in favor of Defendant. [ECF No. 26 at 6.] In support of this objection, Plaintiff first argues that conflicting statements in the affidavits of Defendant's records custodian as to where Plaintiff's Electronic Signature Agreement ("ESA") and Arbitration Agreement were stored and accessed is evidence of fraud on the part of Defendant. *Id*. at 8. Plaintiff points to the appearance of her married name on a document she e-signed before she was married as more evidence of fraud. *Id*. at 9. Despite these assertions, however, this court finds Plaintiff has failed to show evidence of fraud as to the ESA and Arbitration Agreement. The Magistrate Judge properly relied on these documents in her Report. Likewise, this court finds the Magistrate Judge properly found that the appearance of Plaintiff's married name on a document she e-signed before she was married was not evidence of fraud.

The Magistrate Judge relied on both the ESA, ECF No. 7-2, and the Arbitration Agreement, ECF No. 7-3, in the Report to arrive at the conclusion the Arbitration Agreement was valid. [*See* ECF No. 24 at 5.] Defendant's Vice President for Corporate Human Resources, Gwendolyn Eagen ("Eagen"), served as custodian of these records and attested to their validity. [ECF No. 7-1.] In her first affidavit, Eagen testifies "[a] true and correct copy of the [ESA], electronically signed by Plaintiff in 2015 and pulled directly from her OnTrack file, is attached hereto as Exhibit A." [ECF No. 7-1 at 3, ¶ 14.] Eagen later testifies in her second affidavit "I reviewed Exhibits 2 and 3[1] attached to Defendant's Memorandum in Support of its Motion to Compel Arbitration. Exhibits 2 and 3 both came from Plaintiff's file in Defendant's GenServ Human Resources system, not

---

[1] Eagan is referring to the Electronic Signature Agreement as well as Arbitration Agreement, ECF Nos. 7-2 and 7-3, respectively.

Plaintiff's OnTrack file." [ECF No. 11-1 at 3, ¶ 14.] The Magistrate Judge determined both the Electronic Signature Agreement and the Arbitration Agreement were valid and e-signed by Plaintiff. [ECF No. 24 at 5.]

Plaintiff argues it was error for the Magistrate Judge to ignore the discrepancy in Eagen's affidavits and that this discrepancy is evidence of fraud. Plaintiff, however, fails to support her claim with any evidence of fraud. Nor does she offer any reason why a voluntary correction in the second affidavit is grounds for the Magistrate Judge to discredit the documents. Because she has not shown the Magistrate Judge erred in relying on these documents, this objection cannot be sustained.

As additional evidence of fraud, Plaintiff emphasizes that her married name, "Rebecca Snow," appears on her 2016 GRS Employee Handbook Acknowledgment form ("Form"), ECF No. 9-2, even though she signed the Form a year before she was married. The signatures on the ESA and Arbitration Agreement, by contrast, reflect Plaintiff's name as it was at the time she signed those documents.[2]

In her second affidavit, Eagen attests to the fact the Form was pulled from the OnTrack e-file storage system, which automatically updates an employee's e-signature block when her named is changed in the computer. [*See* ECF No. 11 at 10; No. 11-1 at 3-4, ¶¶ 18-21.] She also attests to the fact that the ESA and the Arbitration Agreement were stored in a separate computer system, one which *does not* automatically update names. [*See* ECF No. 11 at 10.] Plaintiff asserts this difference in automatic name updates in the document storage system is evidence of fraud. Yet Plaintiff offers no evidence to refute the affidavits of Defendant's record custodian. Despite

---

[2] The ESA was signed before Plaintiff's marriage and shows her maiden name, Rebecca Brunson, in the signature block. [ECF No. 7-2.] The Arbitration Agreement was signed after Plaintiff was married and shows her married name, Rebecca Snow. [ECF No. 7-3.]

Plaintiff's allegations, there is no conflict between the appearance of her signatures on the documents, and the Magistrate Judge did not erroneously resolve a factual dispute in favor of Defendant.

Even if the discrepancies discussed above evinced fraud, Plaintiff's second objection fails to address the Magistrate Judge's finding that "undisputed evidence reveals that [Plaintiff's] unique employee identification number appears on the [A]rbitration [A]greement," and that "the inclusion of the employee identification number in the signature block can only be triggered by Snow's login with a password she herself sets." [ECF Nos. 7-1 at 2-3, 4, 5; 7-2 at 1; 7-3 at 3.] The presence of the employee identification number on the Arbitration Agreement is more evidence supporting the validity of Plaintiff's e-signature, regardless of whether the computer updated her name or not.

Because Plaintiff has offered no evidence Defendants committed fraud, or that the Magistrate Judge erroneously resolved factual questions in favor of Defendants, Plaintiff's second objection is overruled.

### III.     The Magistrate Judge applied the proper standard to determine a valid arbitration agreement exists.

Plaintiff claims the Magistrate Judge "erred by applying a standard favoring arbitration, rather than treating the Arbitration Agreement like all other contracts[.]" Plaintiff cites the recent Supreme Court decision *Morgan v. Sundance*, 142 S.Ct. 1708, which says "federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Id*. at 1713. To support her third objection, Plaintiff re-asserts the Magistrate Judge construed the evidence in a light most favorable to Defendant. [ECF No. 26 at 10.] Yet again, Plaintiff fails to cite examples in the Report to support this assertion or carry her burden of showing the Magistrate Judge applied the wrong standard in this case.

The court finds the Magistrate Judge applied the proper arbitration standard in the Report. Plaintiff seems to confuse policy with legal standard. The *policy* behind the FAA is "to reverse the longstanding judicial hostility to arbitration agreements… and to place arbitration agreements upon the same footing as other contracts," *Gilmer v. Insterstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The appropriate *legal standard* in this case, by contrast, is to determine (1) whether a valid arbitration agreement exists and (2) whether the specific dispute falls within the substantive scope of the arbitration agreement. *See Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999). The Magistrate Judge properly applied South Carolina contract law to find that a valid Arbitration Agreement exists in this case. [*See* ECF No. 24 at 4 ("A valid contract in South Carolina requires an offer, acceptance, and valuable consideration." (*Citing Hardaway Concrete Co., Inc. v. Hall Contracting Corp.*, 647 S.E.2d 488, 492 (S.C. Ct. App. 2007)).] Rather than misapplying the arbitration standard, the Magistrate Judge explained the policy underlying arbitration while also applying the proper legal standard in this case. This objection is overruled.

## IV.     The Magistrate Judge properly found there is no factual dispute in this case.

Plaintiff's final objection is based on the Magistrate Judge's alleged failure to address Plaintiff's request for a jury trial on the issue of "actual notice." [ECF No. 26 at 10.] Plaintiff asks this court to reopen discovery on this issue. Motions to compel arbitration are governed by the same standard as motions for summary judgment. *See Rowland*, 993 F.3d at 258, *supra*. When ruling on a motion for summary judgment, "[t]he judge's inquiry … unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—whether there is evidence upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (internal citations omitted). By recommending this court grant

Defendant's Motion to Dismiss and to Compel Arbitration, the Magistrate Judge conducted an inquiry into the sufficiency of Defendant's evidence and found it lacking. This court agrees with the Magistrate Judge that there is no factual dispute to sort out and to submit this issue to a jury would be futile. Plaintiff's fourth objection is overruled.

## CONCLUSION

For the reasons stated above, all four of Plaintiff's objections are **OVERRULED**. This court adopts the Report, ECF No. 24, in full, and **GRANTS** Defendant's Motion to Dismiss without prejudice and to Compel Arbitration, ECF No. 7.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

January 23, 2023
Columbia, South Carolina